IN THE UNITED STATES DISTRICT COURT FOR
              THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                    *
JOETTE PAULONE,
                                    *
    Plaintiff,
                                    *
        v.                                  CIVIL NO.: WDQ-09-2007
                                    *
CITY OF FREDERICK, *et al*.
                                    *
    Defendants.
                                    *

*   *   *   *   *   *   *   *   *   *   *   *   *

                          MEMORANDUM OPINION

Joette Paulone sued the State of Maryland, the Frederick County Board of County Commissioners, and Sheriff Charles Jenkins for violations of Title II of the Americans with Disabilities Act ("ADA"), § 504 of the Rehabilitation Act, and related torts. For the following reasons, Maryland's pending motion for reconsideration will be granted in part and denied in part.

I.  Background[1]

On the evening of July 31, 2008, Frederick County Police Officer McGregor stopped Joette Paulone--a deaf woman--on suspicion of drunk driving. Compl. ¶ 13. Paulone was arrested after she failed a field sobriety test and was taken to the

---

[1] Background facts were taken from this Court's February 17, 2010 Memorandum Opinion. *See* Paper No. 33.

Frederick Police Department Headquarters. *Id*. ¶¶ 14-15. Paulone alleges that, after her arrest and during her detention, Maryland officers denied her (1) use of a working TTY machine to call from the Detention Center,[2] (2) help in reading and understanding forms, and (3) access to a sign language interpreter.

On October 7, 2008, the Frederick County District Court sentenced Paulone to 18-months of supervised probation, which included an evaluation for alcohol addiction and attendance at a Mothers Against Drunk Driving ("MADD") victim impact panel. *Id*. ¶¶ 39-40; Patrick G. McGee Aff. ¶ 4, Sept. 23, 2009. On October 8, 2008, Paulone reported for intake at the Division of Parole and Probation ("the Division") and met with Krissie Smith-Alvey who noted that Paulone was deaf and needed an interpreter. McGee Aff. ¶ 5.[3]

On November 10, 2008, Paulone reported for her initial appointment with her monitor, Lorraine Halpin, and sign language interpreter Joann Griffin at the Division's Drinking Driving Monitor Program ("DDMP"). McGee Aff. ¶¶ 5, 9. On January 23,

---

[2] Paulone has alleged that she saw other arrestees being released after making phone calls.

[3] Although Paulone was not provided with an interpreter during this initial visit to the Division, the case notes indicate that Paulone and Smith-Alvey were able to communicate. McGee Aff. ¶ 7; Compl. ¶ 41.

2009, Halpin denied Paulone's request for a State provided interpreter at her mandatory MADD meeting and her alcohol evaluation, testing, and treatment. *Id*. ¶ 11. On February 4, 2009, Paulone attended the required MADD meeting. *Id*. ¶ 12. On February 12, 2009, Paulone informed the City of Frederick, the Board of Commissioners, and the Division that she intended to file a complaint for disability discrimination. *Id*. ¶ 14.

On February 19, 2009, DDMP monitors and an interpreter met with Paulone, directed her to enroll in a six-week or 12-hour alcohol education class by March 17, 2009, and told her that the Division was not required to provide an interpreter for those classes. *Id*. ¶ 15. Paulone was given a list of eight different alcohol education providers. *Id*. ¶¶ 15-17.

On March 31, 2009, DDMP requested that the Frederick County District Court issue a summons for Paulone because she had not enrolled in an alcohol education class, a condition of her probation. *Id*. ¶ 22; Compl. ¶¶ 43, 45. A show cause hearing was scheduled for June 2, 2009. McGee Aff. ¶ 23.

In a May 7, 2009 letter, Addiction Counselor Laura Dreany-Pyles informed DDMP that Paulone had enrolled in a DWI education class with Deaf Addiction Services at the University of Maryland School of Medicine; she was expected to complete it by June 3, 2009. *Id*. Ex. T. At the hearing on June 2, 2009, the judge granted Halpin's requests to dismiss the probation violation

charge against Paulone and allowed her probation to be unsupervised after she completed the alcohol education classes. *Id*. ¶ 27.  On June 5, 2009, Paulone completed her alcohol education classes.  *Id*. ¶ 28.

On July 10, 2009, the Maryland State Treasurer's Office received notice of Paulone's intent to file a claim against the State for "violations of the Americans with Disabilities Act, among other things."  Sharon G. Barry Aff. ¶ 2, Ex. A at 2, August 24, 2009.  On July 30, 2009, Paulone sued the City of Frederick,[4] the Frederick County Board of County Commissioners, the State of Maryland, and Charles Jenkins.  Paper No. 1.  On August 18, 2009, Jenkins filed a motion to dismiss, and Frederick County filed an answer. Paper Nos. 11, 13.  On September 24, 2009, Maryland filed a motion to dismiss or for summary judgment, and the City of Frederick filed an answer. Paper Nos. 21, 22.

On February 17, 2010, the Court (1) granted Jenkins's motion to dismiss, (2) dismissed the Rehabilitation Act claims against Maryland, (3) granted in part and denied in part Maryland's motion for summary judgment on the ADA claims, and (4) denied Maryland's motion to dismiss or for summary judgment on the negligent training and supervision claim.  Paper No. 33

---

[4]  On October 21, 2009, the Court granted the motion to dismiss the City of Frederick with prejudice.  Paper No. 31.

4

at 24 (hereinafter *Feb. Op.*) On March 3, 2010, the State of Maryland moved for reconsideration, arguing that (1) sovereign immunity barred Paulone's negligent training and supervision claim against the State in federal court, and (2) it is entitled to summary judgment on the ADA claim because a deaf accessible alcohol education program was made available to Paulone. Paper No. 37 at 2-5.[5]

II. Analysis

    A.   Standard of Review

Motions for reconsideration of an interlocutory order are governed by Rule 54(b), under which "any order or other decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).[6] Thus, when warranted, a district court retains the power to reconsider and modify its interlocutory judgments at any time before final judgment. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003).[7]

---

[5] Maryland did not address the ADA claims related to Paulone's arrest and detention, which are still pending against the State. See Paper No. 33 at 13-14.

[6] *See Mateti v. Activus Fin., LLC*, 2009 U.S. Dist. LEXIS 99869, *9-10 (D. Md. Oct. 27, 2009).

[7] "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe*, 326 F.3d at

Although Rule 60(b) applies only to final judgments, a court may consider the reasons in that rule when deciding whether to grant relief under Rule 54(b). *See Mateti*, 2009 U.S. Dist. LEXIS 99869 at *9-10. When a request for reconsideration merely asks the court to "change its mind," relief is not authorized. *Pritchard v. Wal-Mart Stores, Inc.*, 3 Fed. Appx. 52, 53 (4th Cir. 2001). Similarly, a party cannot get reconsideration on the basis of case law or evidence available at the time of the court's order. *Mateti*, 2009 U.S. Dist. LEXIS 99869, at *12.

    B.    Sovereign Immunity

The complaint alleged that Paulone was denied an interpreter because the Frederick County Division of Parole and Probation officers were negligently trained and supervised by the State. Compl. ¶¶ 86-87. In the February Opinion, this Court denied Maryland's motion to dismiss this claim, holding that Paulone had provided adequate notice of her intent to file this claim against the State and alleged sufficient facts to show the State's negligence. Feb. Op. 20-21. In its motion for reconsideration, Maryland argues that the State's limited waiver

---

514 (*citing* 11 James Wm. Moore et al., *Moore's Federal Practice* § 56.04[3] (3d ed.) ("Rule 60(b) does not govern relief from interlocutory orders . . . .")). *See also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment.").

6

of sovereign immunity under the Maryland Tort Claims Act ("MTCA") is limited to suits brought in state court and does not apply to federal suits. Paper No. 37 at 2-3.

"A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action[.]" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 576 (2004)(internal quote omitted). Because the Court lacks subject matter jurisdiction over claims against the State barred by sovereign immunity,[8] Maryland may assert this new legal argument[9] on motion for reconsideration.

Under the MTCA, "the immunity of the State and of its units is waived as to a tort action, *in a court of the State*[.]" Md. Code Ann., State Gov't § 12-104(a)(1) (emphasis added). Section 12-103(2) further states that the State has not "waive[d] any right or defense of the State . . . in a court of the United States . . . including any defense that is available under the [Eleventh] Amendment to the United States Constitution[.]" *Id*. § 12-103(2). Because the MTCA "clearly limits the State's waiver of immunity to actions brought in the Maryland courts,"

---

[8] *See McLean v. United States*, 566 F.3d 391, 402 (4th Cir. 2009).

[9] Although Maryland raised the defense of sovereign immunity in its motion to dismiss or for summary judgment, it pursued a different theory and did not argue that the MTCA's limited waiver did not apply to suits brought against the State in federal court. *See* Paper No. 22 at 9-13.

*Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 397 (4th Cir. 1990), Paulone's negligent supervision and training claim against Maryland must be dismissed.

    C.    Access to Court-ordered Alcohol Education

Paulone alleges that Maryland violated the ADA by, *inter alia*, failing to provide an interpreter for her court-ordered alcohol education and MADD classes. In the February Opinion, this Court denied summary judgment to Maryland on this claim because it "ha[d] provided no evidence that one of the eight DUI education class providers or MADD had a deaf accessible program." Feb. Op. at 17. In its motion for reconsideration, Maryland offered new evidence to show that "Deaf Access Services @ Maryland" was listed among the eight DUI education class providers. Paper No. 37, Ex. 3.

The Court does not reconsider its previous decisions based on evidence that was available but not provided with the original motion. *See Mateti*, 2009 U.S. Dist. LEXIS 99869, at *12. Here, the Division gave Paulone the list of DUI education providers in February 2009. *See* Mark E. Lucas Aff. ¶ 4, March 2, 2010. Thus, this list was available at the time of the February Order. Accordingly, although this evidence might support a motion for summary judgment on Paulone's ADA claims against Maryland, the Court will not grant reconsideration based on omitted evidence.

III. Conclusion

For the reasons stated above, Maryland's motion for reconsideration will be granted in part and denied in part. Paulone's claim for negligent supervision and training against Maryland will be dismissed.


July 26, 2010                            _____/s/_____
Date                                                  William D. Quarles, Jr.
                                                            United States District Judge